## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | : | Case No. 1:23-cv-834 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MELISSA JONES, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendants' Renewed Motion for Default Judgment (Doc. 13). No response in opposition has been filed and the time for doing so has passed. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for the Court's review. For the following reasons, Defendants' Renewed Motion for Default Judgment (Doc. 13) is **GRANTED**.

## BACKGROUND

This case involves competing claims over the proceeds of a life insurance policy. (*See* Compl., Doc. 1.) Olivia Zick took out a life insurance policy and identified her spouse at the time, Defendant Melissa Jones, as the sole beneficiary. (*Id.* at ¶¶ 9-10; Policy, Doc. 1-1, Pg. ID 36.) In addition, Olivia Zick listed Defendants Carol Zick (her mother) and Christina Zick (her sister) as equal contingent beneficiaries. (Compl., Doc. 1, ¶ 11; Policy, Doc. 1-1, Pg. ID 36.) On September 20, 2022, Olivia Zick and Melissa Jones separated and received a divorce decree. (Compl., Doc. 1, ¶ 12; Divorce Decree, Doc. 1-1, Pg. ID 38.)

Olivia Zick passed away on February 11, 2023. (Compl., Doc. 1, ¶ 13; Death Certificate, Doc. 1-1, Pg. ID 40.) Christina Zick and Carol Zick submitted benefit claims in March 2023. (Compl., Doc. 1, ¶¶ 14-15; Zicks' Claims, Doc. 1-1, Pg. ID 42, 44.) Then, in May 2023, Melissa Jones submitted a competing claim for these same benefits. (Compl., Doc. 1, ¶¶ 17-18; Jones' Claim, Doc. 1-1, Pg. ID 46.)

On December 21, 2023, Plaintiff Reliance Standard Life Insurance Company filed an Interpleader Complaint to resolve these competing claims over the proceeds of Olivia Zick's $50,000 life insurance policy. (*See* Compl., Doc. 1.) Melissa Jones, Carol Zick, and Christina Zick are all named as Defendants. (*Id.*) Despite being served on January 27, 2024, Defendant Jones has failed to appear, plead, or otherwise defend in this matter. (*See* Service Aff., Doc. 6.) Accordingly, Defendants Carol and Christina Zick applied for an entry of default against Defendant Jones. (Entry of Default Application, Doc. 11.) The Clerk, in turn, entered default against Defendant Jones on November 1, 2024. (Entry of Default, Doc. 12.) Defendants Carol Zick and Christina Zick then moved for default judgment against Defendant Jones. (Motion for Default Judgment, Doc. 13.) Soon thereafter, Plaintiff moved for interpleader deposit or, in the alternative, for interpleader disbursement of the proceeds in question. (Motion for Interpleader Deposit, Doc. 15.)

The Court granted Plaintiff's Motion for Interpleader Deposit and ordered that Plaintiff deposit $50,000 with the Clerk of Court. (*See* Order, Doc. 16.) Plaintiff tendered a check in the amount of $53,863.14 with the Clerk. (*See* 8/27/2025 Funds Receipt.) The additional $3,863.14 represents the interest paid by Plaintiff while it held the "balance of the benefit" and awaited the naming of valid beneficiaries. (*See* Policy, Doc. 1-1, Pg. ID

2

21; 8/27/2025 Notation Order.) Accordingly, the Court directed the Clerk of Court to accept the full amount of $53,863.14. (8/27/2025 Notation Order.)

## LAW AND ANALYSIS

An interpleader action usually proceeds in two stages. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). First, a court considers "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.* Then, proceeding to step two, a court determines "the respective rights of the claimants to the fund or property at stake via normal litigation processes." *Id.*

As a preliminary matter, the Court must first confirm its subject matter jurisdiction. Since federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," they "have an independent obligation to determine whether subject-matter jurisdiction exists." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When it comes to an interpleader action, a federal court's subject matter jurisdiction can be established through one of two routes: rule interpleader or statutory interpleader. *See Mudd v. Yarbrough*, 786 F. Supp. 2d 1236, 1241 (E.D. Ky. 2011). Plaintiff asserts that jurisdiction is proper through both routes. (Compl., Doc. 1, ¶¶ 1-2.) The Court considers each in turn.

Rule interpleader implicates Rule 22 of the Federal Rules of Civil Procedure and "is merely a procedural device [that] does not grant [courts] subject matter jurisdiction."

3

*Mudd*, 786 F. Supp. 2d at 1241 (quoting *Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990)). Thus, in order to proceed under rule interpleader, either federal question jurisdiction or diversity jurisdiction must be established. *Id.; see also* 28 U.S.C. §§ 1331, 1332. This matter implicates federal question jurisdiction because the life insurance benefits at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Compl., Doc. 1, ¶ 1.) The Sixth Circuit has "explicitly held that the federal courts have jurisdiction over an action for interpleader to determine the proper beneficiary of benefits payable from an ERISA employee welfare plan." *Cent. States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 674 n.2 (6th Cir. 2000) (citing *Metro. Life Ins. Co. v. Marsh*, 119 F.3d 415, 418 (6th Cir. 1997)); *see also Prudential Ins. Co. of Am. v. Gaines*, No. 1:24-CV-68, 2025 WL 1543036, at *3 (M.D. Tenn. Apr. 3, 2025); *Unum Life Ins. Co. of Am. v. Crane*, No. 5:24-CV-230, 2025 WL 664174, at *3 (E.D. Ky. Feb. 28, 2025). Thus, jurisdiction is proper because this case arises under ERISA.

Subject matter jurisdiction is also proper under statutory interpleader. Pursuant to 28 U.S.C. § 1335(a), statutory interpleader involves three elements: (1) the amount in controversy must exceed $500; (2) there must be two or more adverse claimants with diverse citizenship; and (3) the funds must be deposited into the Court's registry. Here, the amount in controversy is at least $50,000, so the first element is satisfied. (Compl., Doc. 1, ¶¶ 2, 9.) Melissa Jones, Carol Zick, and Christina Zick are all adverse claimants with different states of citizenship. (*Id.* at ¶¶ 5-7.) The second element is therefore met. And, as for the third element, the disputed funds have been deposited into the Court's

registry. (*See* 8/27/2025 Notice of Registry Funds Received.) Therefore, jurisdiction is proper under both rule interpleader and statutory interpleader.

Turning to the other step-one considerations, interpleader has been properly invoked in this case because Plaintiff "legitimately fears multiple vexation directed against a single fund." *High Tech. Prods.*, 497 F.3d at 642 (quotation omitted). The Sixth Circuit has "repeatedly authorized use of the interpleader process where there are competing claims to an ERISA benefit." *Humana Ins. Co. of Kentucky v. O'Neal*, 727 F. App'x 151, 155 (6th Cir. 2018); *see also Mudd*, 786 F. Supp. 2d at 1241 (finding interpleader proper when the plaintiff may be exposed to multiple liability for death benefits); *Unum Life Ins.*, 2025 WL 664174, at *4 (same). Plaintiff's Complaint identifies competing claims over the same benefits in this matter. (Compl., Doc. 1, ¶¶ 14-20.) Moreover, Plaintiff is a disinterested party in this matter that has deposited the funds with the Court. (*Id.* at ¶ 26.) No equitable concerns prevent the use of interpleader in this case. *See High Tech. Prods.*, 497 F.3d at 641.

The Court now proceeds to Defendants' Motion for Default Judgment. Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id*. Following entry of default, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have

admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). A court deciding whether to grant a motion for default judgment must still confirm that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnell*, No. 1:20-CV-510, 2022 WL 407240, at *2 (S.D. Ohio Feb. 10, 2022).

As relevant here, "[d]efault judgment may be entered against a defendant who fails to answer an interpleader complaint." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016), *report and recommendation adopted,* No. 1:15-CV-535, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016) (explaining that a "defaulting party forfeits his interest in the funds at issue in an interpleader action" and that "the remaining defendant is entitled to the fund"); *see also New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021) (similar); *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (collecting cases). Though it is often a plaintiff who moves for default judgment, courts have recognized that a defendant may do so when another defendant fails to respond in an interpleader action. *See, e.g., Dang v. Pontier*, No. 19-CV-1519, 2020 WL 5521133, at *2 (S.D. Cal. July 22, 2020) (collecting cases); *Wells Fargo Bank, N.A. v. Meta Athlete, Inc.*, No. 1:22-CV-4454, 2024 WL 948005, at *2 (N.D. Ga. Jan. 31, 2024).

Despite being served with the Complaint and Defendants' Motion for Default Judgment, Defendant Jones has not filed an answer or otherwise defended her potential interest in the interpleaded funds. The other requirements for default judgment are also satisfied: there is no indication that Defendant Jones is in the military, that she is a minor,

6

or that she is incompetent. *See* Fed. R. Civ. P. 55(b)(1); *Baker*, 2021 WL 640412, at *2. Additionally, the Court need not conduct a further accounting in this matter because the proceed amount is undisputed. *See Baker*, 2021 WL 640412, at *2. As Carol Zick and Christina Zick are equal contingent beneficiaries of the $50,000 life insurance proceeds, they are each entitled to $26,931.57—half of the proceeds plus the deposited interest. (*See* Compl., Doc. 1, ¶ 11; Policy, Doc. 1-1, Pg. ID 36.) *See Metro. Life Ins. Co. v. Kent*, No. 07-CV-11091, 2008 WL 302372, at *5 (E.D. Mich. Feb. 4, 2008) (equally distributing proceeds to co-equal beneficiaries following default judgment). It is therefore proper to enter default judgment against Defendant Jones.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants' Renewed Motion for Default Judgment Against Defendant Melissa Jones (Doc. 13) is **GRANTED**;

2. Christina Zick and Carol Zick are each **AWARDED** $26,931.57 from the life insurance proceeds and interest at issue in the Interpleader Complaint;

3. The Clerk of Court is **DIRECTED** to distribute the deposited interpleader funds (8/27/2025 Notation Order) as follows:

    a. $26,931.57 shall be distributed to Christina Zick;

    b. $26,931.57 shall be distributed to Carol Zick; and

    c. Christina Zick and Carol Zick **SHALL NOTIFY** the Clerk of Court within fourteen (14) days as to their preferred address for payment

or, alternatively, whether they would prefer payment by electronic funds transfer.

4. Plaintiff is **DISCHARGED** from liability in connection with the disbursement of the benefits in this matter; and

5. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND